PER CURIAM.
Appellant, Donald Ray Brown [“Brown”], filed in this Court an untimely notice of appeal in which he allegedly seeks review of a June 14, 2010, order denying his motion to vacate and set aside judgments and sentences. The lower court clerk, however, by affidavit, asserts that there is no June 14, 2010, order in the record, but the record does contain a June 4, 2010, order dismissing Brown’s motion to vacate or set aside judgment and sentence.
Because Brown filed his notice of appeal on July 9, 2010, more than thirty days from the June 4, 2010, order, this Court issued an order requiring Brown to show cause why his appeal should not be dismissed for lack of jurisdiction as untimely. Brown did not make a coherent response to the show cause order, and we dismissed his appeal.
Brown filed a motion for rehearing, arguing that the order he sought to have reviewed was indeed rendered on June 14 and, as proof, he attached a copy of the order, dated June 14. We accordingly withdrew our dismissal and appointed the circuit court as commissioner to make findings as to whether the order was rendered on June 4 or June 14, cautioning Brown that making false statements under oath in an official proceeding is perjury.
The circuit court’s report has now been filed. It concluded, based upon testimony received from several witnesses, including the court clerk and the assistant state attorney, that the order was rendered on June 4. The court clerk testified that the original order had the clerk’s barcode on it and that- the original order was clearly dated June 4 and was docketed on June 4. She stated that she could not conceive of a clerical error that would allow an order dated June 14 to be docketed on June 4. The trial judge’s clerk testified that she recognized her signature on the certificate of service dated June 4.
The assistant state attorney testified that his office received the order on June 7. Every order received by his office is time stamped, scanned and bears a scan date in red ink. The time stamp on his copy was June 7, the scan date was June 8. He testified that he personally received the order on June 11, as evidenced by his initials and the date on the front of the order.
Brown testified and said that he thought it odd that he received the order the same date that it was entered. He offered the prison mail log as evidence that he received the order on June 14.
The trial court concluded that Brown had failed to present any evidence that the order was actually rendered on a date later than June 4 and that Brown’s testimony was not credible.
It appears to us that the date on the order was altered by the addition of a digit in an attempt to make the untimely notice of appeal timely. Accordingly, we reinstate the dismissal of Brown’s appeal for lack of jurisdiction. Further, we direct the Clerk of this Court to forward a certified copy of this opinion, along with the commissioner’s report, to the appropriate institution or facility of the Department of Corrections for consideration of disciplinary procedures. § 944.279, Fla. Stat. (2010).
APPEAL DISMISSED.
GRIFFIN, PALMER and LAWSON, JJ., concur.